IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEXTER PARIS DAVIS,<br><br>                Plaintiff,<br><br>v.<br><br>JUDGE BRUCE LUBECK et al.,<br><br>                Defendants. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:13-CV-933-DS<br><br>District Judge David Sam |

Plaintiff, Dexter Paris Davis, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2014), *in forma pauperis*, *see* 28 id. § 1915. The Court now screens the complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

**Deficiencies in Complaint**

Complaint:

(a)      alleges claims that are possibly invalidated by the rule in *Heck* (see below).

(b)      possibly alleges claims that concern the constitutionality of his conviction and/or validity of his imprisonment, which should be brought in a habeas-corpus petition, not a civil-rights complaint.

(c)      does not address Judge Lubeck's potential immunity from suit, as further explained below.

(d)      does not address Prosecutor Matthew Hansen's potential immunity from suit, as further explained below.

(e)      brings civil-rights claim(s) against his defense attorney, who is not properly named, as he is not a state actor. *See Garza v. Bandy*, No. 08-3152, 2008 U.S. App. LEXIS 17440, at *4 (10th Cir. Aug. 13, 2008) (unpublished) ("[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

(f)      does not state enough information regarding inadequate medical care to state a claim.

(g) has claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys.

## Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is

essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Fifth, the Court concludes that Plaintiff's claims appear to involve some allegations that if true may invalidate his conviction and/or sentencing. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights in a way that may attack Petitioner's very imprisonment. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it appears it would regarding some claims. If this Court were to conclude that Plaintiff's constitutional rights regarding illegal incarceration were violated in a prejudicial manner, it would be stating that Plaintiff's conviction and/or sentence were not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has not happened and may result in dismissal of such claim.

Sixth, it is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, No. 08-1466, 2009 U.S. App. LEXIS 10152, at *4 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Regarding the claims at issue here, Judge Lubeck very well may have been acting in his judicial capacity in presiding over this case, so his actions would be entitled to absolute immunity. *See Doran v. Sanchez*, No. 08-2042, 2008 U.S. App. LEXIS 17987, at *2 (10th Cir. Aug. 19, 2008) (unpublished).

Finally, a prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Hansen's acts, as alleged by Plaintiff, appear to relate to his advocacy before the court. This defendant therefore may be entitled to absolute prosecutorial immunity from this lawsuit.

## MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to request *pro bono* counsel to represent him. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S. § 1915(e)(1) (2014); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

## ORDER

IT IS HEREBY ORDERED:

(1) Plaintiff's motion for service of process is DENIED, (*see* Docket Entry # 9), and he must within thirty days cure the complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's motion for appointed counsel is **DENIED**, (*see* Docket Entry # 8); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this __3rd__ day of ~~August~~ September, 2014.

BY THE COURT:

_____
DAVID SAM
United States District Judge